## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIENNE GILMORE, | CIVIL ACTION 3:15-cv-00838 |
| Plaintiff, | |
| v. | COMPLAINT |
| JOHN LUSE, individually and d/b/a Acme Credit Service d/b/a Check Alert and PEGGY LUSE, individually and d/b/a Acme Credit Service d/b/a Check Alert, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR RELIEF PURSUANT
## TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, ADRIENNE GILMORE ("Plaintiff"), by and through her

attorneys, The Law Offices of Mueller and Haller LLC and the Sulaiman Law Group, Ltd.,

complaining of the Defendant, JOHN LUSE, individually and d/b/a Acme Credit Service d/b/a

Check Alert and PEGGY LUSE, individually and d/b/a Acme Credit Service d/b/a Check Alert

(collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages stemming from Defendant's violations of the Fair

   Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Illinois

   Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2 ("ICFA").

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter

   jurisdiction is conferred upon this Court by 15 U.S.C. §1692 and 28 U.S.C. §§ 1331,

1

1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business in the Southern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

### PARTIES

4. Plaintiff, Adrienne Gilmore, is a natural person residing in Mount Vernon, Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

5. At all times relevant to the action, Defendants were collectors who are registered with the Illinois Department of Professional Regulations as a collection agency. (License Number 017001134)

6. Defendants are in the business of collecting delinquent accounts.

7. Defendants are a "debt collectors" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

### FACTS SUPPORTING CAUSE OF ACTION

8. During the period of August 6, 2008 through March 26, 2009 Debtor incurred medical bills from Chiro-Med, Ltd. that total $5,907.20. ("subject debt").

9. Due to financial difficulties, Plaintiff filed for relief under Chapter 13 of the United States Bankruptcy Code on May 12, 2010, case number 10-31254-lkg. *See* attached Exhibit A, a true and correct copy of Debtor's notice of bankruptcy.

10. On May 20, 2010 Russell Simon, Chapter 13 trustee mailed a notice of commencement to call creditors listed in Plaintiff's bankruptcy petition including Chiro-Med, Ltd. *See* attached Exhibit B, a true and correct copy of the notice with certificate of service.

11. Plaintiff's Chapter 13 plan of reorganization proposed to pay general unsecured creditors 100% of their allowed claims. *See* attached Exhibit C, a true and correct copy of Plaintiff's approved amended Chapter 13 plan.

12. Even though Chiro-Med, Ltd. was aware of the bankruptcy filing, it failed to file a proof of claim in the bankruptcy case. *See* attached Exhibit D, a true and correct copy of the claims register for case number 10-31254-lkg.

13. On information and belief, the subject debt was transferred to Defendants for the purpose of collection in the amount of $5,857.00.

14. On August 27, 2014, Plaintiff received a Dunning Letter from Defendants, which demanded payment in the amount of $5,857.00. *See* attached Exhibit E, a true and correct copy of the August 27, 2014 Dunning Letter.

15. The Dunning Letter states the account is delinquent. *Id.*

16. The Dunning Letter also states that the account is being reported to the Credit Bureau until the balance has been resolved. *Id.*

17. The Dunning Letter threatens to send the file to the Katz Law Firm in ten days if no payment was received. *Id.*

18. Nowhere on this Dunning Letter does Defendant state a right to dispute, verify the debt or that the original that Defendant will provide the address of the original creditor.*Id.*

19. Plaintiff was confused by this dunning letter as she believed her bankruptcy had no effect and that she was about to be sued.

3

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Defendants violated 15 U.S.C. §§1692e(2), e(8), e(10), f, and f(1) and g(a)(3) through their debt collection efforts.

22. Defendants violated 15 U.S.C. §1692e(2) when they misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendants demanded payment of the subject debt because it was protected by the Automatic Stay.

23. Defendants violated 15 U.S.C. §1692e(8) when they communicated false information to the credit bureaus stating that Plaintiff was behind when, in fact, she was not because of the Automatic Stay.

24. Similarly, Defendants violated 15 U.S.C. §1692e(10) when they falsely represented that the subject debt was collectable at the time of the demands as the subject debt was not owed by virtue of the automatic stay.

25. Defendants violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt as Plaintiff's obligation to Defendants were included in the Chapter 13 pan, and thus she did not have a duty or obligation to make the payment demanded.

26. It was inherently unfair and deceptive for Defendants to attempt to collect the subject debt from Plaintiff.

27. It is also inherently deceptive and oppressive for Defendants to induce Plaintiff into paying a debt that she does not owe by threatening to report her non-payment to the credit bureaus.

28. Given that the underlying subject debt was duly scheduled in Plaintiff's bankruptcy and subsequently her confirmed Chapter 13 plan, Defendants had no legal right to attempt to collect the subject debt from Plaintiff.

29. Furthermore, Defendants violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law as Plaintiff's obligation to pay the subject debt was extinguished by bankruptcy.

30. Defendants violated §1692g(a)(3) by failing to advise Plaintiff that she has the right to dispute the debt within 30 days.

31. In doing so, Defendants have shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

32. As pled above, Plaintiff has suffered damages as a result of Selene's unlawful collection practices.

WHEREFORE, Plaintiff Adrienne Gilmore, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Awarding Plaintiff actual and statutory damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 31, 2015                          Respectfully Submitted,

/s/ James J. Haller
James J. Haller -.6226796
William A. Mueller - #06187732
Attorneys for Plaintiff

5

5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000

Penelope N. Bach - 6284659
Attorney for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188